UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTARIAN PARTY OF MICHIGAN,
GARY JOHNSON, and DENEE
ROCKMAN-MOON,

                      Plaintiffs,

v.

RUTH JOHNSON, Secretary of State of
Michigan, in her official capacity,

                      Defendant,


REPUBLICAN PARTY OF MICHIGAN,

                      Defendant/Intervenor.

_____/

Case No. 12-cv-12782

Paul D. Borman
United States District Judge

## ORDER GRANTING INTERVENOR REPUBLICAN PARTY OF MICHIGAN'S MOTION TO INTERVENE (ECF NO. 20)

This matter is before the Court on the Republican Party of Michigan's Motion to Intervene. (ECF No. 20.) The Court will dispense with oral argument pursuant to E.D. Mich. L.R. 7.1(f) and, for the reasons that follow, will GRANT the Motion to Intervene.

The Sixth Circuit has acknowledged that Fed. R. Civ. P. 24 should be "broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Rule 24(a) of the Federal Rules of Civil Procedure permits parties to intervene in a lawsuit as of right:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

1

Fed. R. Civ. P. 24(a).  The Sixth Circuit has "explained that a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).  A proposed intervenor need not demonstrate "that impairment will inevitably ensue from an unfavorable disposition" but only that "an unfavorable disposition of the action may impair their ability to protect their interest in the litigation." *Purnell*, 925 F.2d at 948.

The Court concludes that (1) the motion to intervene is timely, given this Court's recently-issued expedited briefing schedule; (2) the Michigan Republican Party has a substantial legal interest in the potential inclusion on the ballot for the November 6, 2012 election of a candidate for the office of President, Gary Johnson, who may be ineligible to appear on the ballot under Michigan's sore loser statute, MCL § 168.695; (3) the Michigan Republican Party's ability to protect its interest will be impaired absent intervention as the election will proceed and conclude without its input; and (4) the Secretary of State does not have an interest in raising and defending the distinct interests of the Michigan Republican Party in the strict enforcement of the Michigan sore loser statute to preclude Gary Johnson's inclusion on the November 6, 2012 ballot.  Accordingly, the Court GRANTS the motion to intervene as of right.

Even if the Michigan Republican Party has not met the requirements for intervention as of right, the Court grants it permissive intervention under Fed. R. Civ. P. 24(b).  Rule 24(b) permits a district court discretion to grant intervention to anyone under the following circumstances: "On

2

timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact . . . [and] the intervention will [not] unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "Rule 24(b) grants the district court discretionary power to permit intervention if the motion is timely, and if the applicant's claim or defense and the main action have a question of law or fact in common." *Purnell*, 925 F.2d at 950 (internal citations and quotation marks omitted).

The Court has already concluded that the motion to intervene is timely under the circumstances. Further, the Court finds that the Michigan Republican Party and the Secretary of State both seek the Court's determination as to the application of the Michigan sore loser statute to Gary Johnson's inclusion on the November 6, 2012 ballot as a Presidential candidate for the Libertarian Party. The intervenors have filed a timely motion to intervene, and to dismiss with supporting brief, and the intervention will not cause any delay. Accordingly, the Court alternatively GRANTS the Michigan Republican Party permissive intervention under Fed. R. Civ. P. 24(b).

The Court will consider the motion to dismiss and brief in support filed by the Michigan Republican Party on September 4, 2012, and will permit the Michigan Republican Party to appear and be heard at oral argument on this matter, scheduled for 2:30 p.m. on Thursday, September 6, 2012.[1]

IT IS SO ORDERED.

Dated: 9/5/12

Paul D. Borman
United States District Judge

---

[1] Any argument that Plaintiffs may attempt to assert regarding an inadequate amount of time to respond to the intervenor's motion(s) must be balanced with the fact that Plaintiffs are singularly to blame for the unnecessarily emergent nature of the instant proceedings at the last minute.